**Peggy H. JACKSON, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 03–3136.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 6, 2003.

Before MICHEL, BRYSON, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

Peggy H. Jackson appeals from a decision of the Merit Systems Protection Board, Docket No. DC–0831–02–0612–I–1, 93 M.S.P.R. 303, 2002 WL 31828363, affirming the denial of survivor annuity benefits by the Office of Personnel Management ("OPM"), because her late husband elected a full, unreduced annuity payable only during his lifetime with her free and written consent. We *affirm*.

## BACKGROUND

Ms. Jackson is the widow of Lee D. Jackson, who retired from the United States Postal Service on March 1, 2001. At the time of his retirement, Mr. Jackson elected in writing to receive a full, unreduced annuity payable only during his lifetime. The election was made in accordance with 5 U.S.C. § 8341(b)(1), which provides that the widow of a deceased annuitant is entitled to an annuity unless the employee has notified OPM in writing

at the time of retirement that he does not desire any surviving spouse to receive his annuity. Because a married employee may not make such an election without the consent of his spouse, 5 C.F.R. § 831.614(a), Ms. Jackson provided her written consent to forgo a survivor annuity. On March 11, 2001, Mr. Jackson passed away.

On April 30, 2001, Ms. Jackson applied for survivor benefits under the Civil Service Retirement System ("CSRS"). OPM denied the request but informed Ms. Jackson that she would receive a one-time lump sum payment of $52,207.97, representing the contributions Mr. Jackson had placed in the CSRS fund plus interest. Mrs. Jackson requested reconsideration of that decision, but on May 6, 2002, OPM issued its final decision affirming the denial of survivor annuity benefits. In that decision, OPM noted specifically that Mr. Jackson had elected not to provide a survivor benefit and that Ms. Jackson had consented to that election.

Ms. Jackson appealed OPM's final decision to the MSPB. The administrative judge upheld OPM's decision, noting that Ms. Jackson "does not dispute, and the record otherwise shows, that Mr. Jackson, with [Ms. Jackson's] freely-given, express consent, elected to receive an unreduced annuity payable only during his lifetime without survivor benefits." After the full board denied Ms. Jackson's petition for review, Ms. Jackson appealed to this court.

## DISCUSSION

Ms. Jackson does not dispute any of the factual findings of the Board, nor does she contend that it applied the wrong law. Rather, in light of the circumstances of her husband's death, she requests that this court use its equitable powers to grant her a survivor's annuity benefit. However, given the conditions Congress has imposed on the payment of annuity benefits, *see, e.g., Schoemakers v. Office of Pers. Mgmt.,* 180 F.3d 1377, 1382 (Fed.Cir.1999), and given that Ms. Jackson does not allege that her written consent to forgo a survivor annuity was involuntary or the result of fraud, we are unable to provide her with a remedy.